UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JEREMY K. ROSS,                          )
                                         )
                Plaintiff,               )
                                         )
        v.                               )            No. 4:23-CV-00152 SRC
                                         )
PATTI LEHMAN, et al.,                    )
                                         )
                Defendants.              )

**Memorandum and Order**

This matter is before the Court on the motion of self-represented plaintiff Jeremy Ross

for leave to commence this civil action without prepayment of the required filing fee.  Upon

consideration of the financial information provided with the motion, the Court finds plaintiff is

financially unable to pay any portion of the filing fee.  As a result, the Court grants plaintiff leave

to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Additionally, for the reasons

discussed below, the Court orders plaintiff to show cause why this case should not be dismissed

for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

I.      **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma

pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a

"mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.

Determining whether a complaint states a plausible claim for relief is a context-specific task that

1

requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## II.    The Complaint

Plaintiff is a self-represented litigant who filed the instant civil action against Mercy Hospital of St. Louis, as well as three defendants allegedly employed by the Hospital: Patti Lehman, Dr. Unknown Garcia and Dr. Peter Zhang. Doc. 1. Plaintiff alleges that the basis of

this Court's jurisdiction is 42 U.S.C. § 1983.  Doc. 1 at p. 3.  He claims that his due process

rights were violated, and that he was unlawfully seized in violation of the Fourth Amendment.

*Id.*  Plaintiff further states that he was "denied liberty, property, privacy and a personal sense of

security," that defendants took his blood without consent, and that he was held against his will

for seven days.  *Id.* at p. 5.

In support of his complaint, plaintiff refers to an attached exhibit[1] which reveals that

plaintiff was taken to Mercy Hospital on January 24, 2020, by Town and Country Police

Department after being found driving down the wrong side of the street on Ballas Road.  *Id.* at

p. 12.  When stopped, plaintiff exited his vehicle and began banging on windows on the

surrounding vehicles.  He resisted arrest, purportedly "charged" at police and as a result, was

tased twice.  Police reported that plaintiff's words at the time of his arrest did not make sense, as

he stated something about "executive order 9734" and told them him name was "A to Z."

Methamphetamines were found in plaintiff's car, and the police took plaintiff to Mercy Hospital

for an assessment.  *Id.*

During plaintiff's assessment at Mercy Hospital, done by Nurse Practitioner Bamidele

Ganiyu, he was reported as saying "nonsensical" words, self-professed as homeless, and was

malodorous.  He refused to answer questions, and he reported that his name was not "Jeremy,"

but instead, "A to Z."  After fully assessing plaintiff, Ganiyu indicated on the assessment report

that plaintiff "appeared psychotic," and "per Dr. Garcia," the consulting physician, ordered that

plaintiff be admitted on a 96-hour involuntary hold.  *Id.* at pp. 13–14. Plaintiff was released from

his involuntary hold by Dr. Zhang on January 27, 2020.  *Id.*  He signed a consent for voluntary

---

[1]Pursuant to Federal Rule of Civil Procedure 10(c), a copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.

mental health treatment at Mercy Behavioral Health, with Nurse Alicia Dehler and Administrative Assistant Patti Lehman on that same day.  *Id.* at pp. 10–12.  For relief plaintiff seeks monetary damages in excess of one million dollars in this action for what he believes to be violations of his constitutional rights.

## III.    Discussion

Because plaintiff is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915.  Based on that review, and for the reasons discussed below, the Court determined plaintiff has not carried his burden of establishing subject matter jurisdiction.  For these reasons, the Court will order plaintiff to show cause why this matter should not be dismissed.

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006).  "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute").  The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case.  *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases." (citing *Rock Island Millwork Co. v. Hedges-Gough Lumber Co.*, 337 F.2d 24, 26–27 (8th Cir. 1964))).  As such, the

4

issue of subject matter jurisdiction may be raised at any time, by any party or the court.  *Gray v. City of Valley Park*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal-question cases and diversity-of-citizenship cases.  *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases).  The burden of proving subject matter jurisdiction belongs to the plaintiff.  *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

### A.    Federal Question Jurisdiction Under 28 U.S.C. § 1331

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States."  *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015); *see also* 28 U.S.C. § 1331.  Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint."  *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016).  The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint.  *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017); *see also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction.").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998); *see also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

Plaintiff asserts that this Court has federal question jurisdiction under 42 U.S.C. § 1983. However, none of the defendants are alleged to be state actors or acting under color of state law. To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, a defendant can only be held liable pursuant to § 1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

None of the parties in this action are alleged to be employed by the State of Missouri such that they can be said to be "state actors." Similarly, none of the defendants are alleged to be acting with state authority. *See Gibson v. Regions Fin. Corp.,* 557 F.3d 842, 846 (8th Cir. 2009). Thus, plaintiff has not properly pleaded federal question jurisdiction over defendants under 42 U.S.C. § 1983.

### B.    Diversity of Citizenship Jurisdiction Under 28 U.S.C. § 1332

Plaintiff has also not alleged that this Court maintains jurisdiction over this matter under 28 U.S.C. § 1332, or under diversity jurisdiction. "Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).

With regard to the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*.; *see also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

Additionally, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires that the parties be

citizens—not merely residents—of different states.  *Sanders*, 823 F.2d at 216.  For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there.  *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

As to diversity jurisdiction, plaintiff has not made a good faith allegation that the amount in controversy exceeds the jurisdictional threshold.  Although he states that he is seeking over a million dollars in this action, he has not alleged a basis for his alleged damages.  Moreover, plaintiff has not established diversity of citizenship between the parties.  For diversity of citizenship to exist, plaintiff cannot be a citizen of the same state as defendants.  Here, plaintiff fails to allege the citizenship of the parties.  If plaintiff and defendants are citizens of the same state, the Court does not have diversity jurisdiction under 28 U.S.C. § 1332.

As discussed above, plaintiff has the burden of establishing the Court's subject matter jurisdiction.  In this case, plaintiff has not alleged diversity of citizenship, and he has not pointed to a federal statute or constitutional provision to indicate federal-question jurisdiction is proper.  Therefore, the Court will order plaintiff to show cause as to why this action should not be dismissed for lack of jurisdiction.  Plaintiff will be given **thirty (30) days** to submit a written response.  Failure to comply with this order will result in the dismissal of this case without prejudice and without further notice.

## IV.    Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel.  Doc. 3.  In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature

of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.  In particular, the Court has determined that plaintiff has failed to adequately allege the Court's subject matter jurisdiction.  The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

## V.     Conclusion

Accordingly,  the Court grants plaintiff's [2] motion for leave to proceed in forma pauperis.  The Court denies without prejudice plaintiff's [3] motion for appointment of counsel. The Court orders plaintiff to show cause in writing, by no later than **March 20, 2023**, why this action should not be dismissed for lack of subject matter jurisdiction.  The Court advises plaintiff that failure to respond to the show cause order will result in the dismissal of this action without prejudice and without further notice.

Dated this 16th day of February 2023.

_____

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE